358

In the Matter of CLIFFORD LIPSCOMB (Admitted as CLIFFORD NATHANIEL LIPSCOMB), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 24, 1990

APPEARANCES OF COUNSEL

*Robert H. Straus* for petitioner.

*Ginsberg & Katsorhis, P. C. (Jerome M. Ginsberg* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent has submitted an affidavit dated May 25, 1990, wherein he tenders his resignation as an attorney and counselor-at-law *(see,* 22 NYCRR 691.9).

The respondent acknowledges in his affidavit that he is aware of the pending investigation by the Grievance Committee for the Second and Eleventh Judicial Districts into allegations that he converted escrow funds belonging to clients and other parties which he had deposited into his escrow account; commingled escrow funds with funds used for personal and/or business purposes; failed to cooperate with the legitimate investigation of the Grievance Committee into 15 complaints of professional misconduct against him; willfully disobeyed the order of this court suspending him from the practice of law by (1) failing to submit the required affidavit of compliance, (2) failing to submit to the Grievance Committee the bank records he was required to produce, and (3) failing to notify his clients of his suspension by registered or certified mail; collected clearly excessive fees from five clients; and neglected three legal matters for which he was retained.

The respondent acknowledges that he could not successfully defend himself on the merits against the allegations outlined above, that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

The chief counsel for the petitioner Grievance Committee recommends that the court accept the respondent's resignation. Under the circumstances herein, the resignation of the respondent as a member of the Bar is accepted and directed to be filed. The respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective forthwith.

MANGANO, P. J., BRACKEN, BROWN, LAWRENCE and KUNZEMAN, JJ., concur.

Ordered that the resignation of Clifford Lipscomb is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective forthwith, Clifford Lipscomb is disbarred and his name is

stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Clifford Lipscomb shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Clifford Lipscomb is commanded to continue to desist and refrain (1) from practicing law in any form either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.